# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

Kacey Lane Johns,

    Plaintiff,

v.

Diversified Consultants, Inc.,

    Defendant.

Case No.:

**COMPLAINT
WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

This action for damages is based on Defendant's violations of 15 U.S.C. § 1692 et. seq., also known as the Fair Debt Collection Practices Act (FDCPA), and violations of 11 U.S.C. § 524(a)(2) . The conduct giving rise to the plaintiff's claims centers around the defendant's false reporting on the plaintiff's credit file and/or consumer reports, and attempting to collect a debt from the plaintiff that was discharged in bankruptcy.

## PARTIES

1. Plaintiff, Kacey Lane Johns, is natural person who resides in Whitfield County, Georgia.

2. Plaintiff is an individual and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

3. Plaintiff is allegedly obligated to pay a debt and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant, Diversified Consultants, Inc. (hereinafter "Diversified") does business in Georgia.

5. Defendant uses interstate commerce or mail in business, the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6)..

## JURISDICTION AND VENUE

6. Because this case arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., jurisdiction of this Court arises under 28 U.S.C. § 1331. Additionally, jurisdiction and authority to enforce a bankruptcy court order arises under 28 U.S.C. § 1334, and supplemental jurisdiction for state law claims arises under 28 U.S.C. § 1367.

7. Venue is proper in this Court because a substantial part of the claim arose in Georgia, and Defendant "resides" in Georgia, as that term is used in 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

8. On June 28, 2011, Plaintiff filed a bankruptcy petition under Chapter 13 of the bankruptcy code in the Northern District of Georgia, case number 11-42182.

9. On or about November 12, 2014, Plaintiff's bankruptcy was converted from a Chapter 13 to a Chapter 7.

10. Prior to Plaintiff's bankruptcy being converted to a Chapter 7, Plaintiff incurred a debt with AT&T Inc. (hereinafter "ATT"), a telecommunications corporation. The ATT debt was primarily for personal, family or household purposes and was/is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. At the time Plaintiff filed his Chapter 13 bankruptcy petition, neither ATT nor Defendant were listed on Plaintiff's bankruptcy petition as creditors of Plaintiff's.

12. The Plaintiff received a discharge of his debts by Order of the Bankruptcy Court dated February 19, 2015.

13. Because the ATT debt predated Plaintiff's Chapter 7, the ATT debt was included in Plaintiff's bankruptcy discharge.

14. On or about March 22, 2015, Defendant began attempting to collect the ATT debt from Plaintiff.

15. On or about August 12, 2015, Plaintiff obtained a copy of his consumer report as published by Equifax Information Services, LLC (hereinafter "Equifax"). Equifax is a credit bureau and a is "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f). A true and correct copy of the pertinent pages of Plaintiff's Equifax consumer report is attached hereto as "EXHIBIT A."

16. The Equifax report contained erroneous information as provided and reported by Defendant. Specifically, during April 2015, Defendant reported to Equifax that the ATT debt that Defendant was attempting to collect was in collection status, and that Plaintiff owed a post-discharge balance of $764.

17. Because the ATT debt that Defendant was attempting to collect was discharged in Plaintiff's bankruptcy, the information described above was both false and misleading.

18. On or about August 20, 2015, Plaintiff obtained a copy of his consumer report as published by Trans Union LLC (hereinafter "Trans Union"). Trans Union is a credit bureau and a is "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f). A true and correct copy of the pertinent pages of Plaintiff's TU consumer report is attached hereto as "EXHIBIT B."

19. The Trans Union report contained erroneous information as provided and reported by Defendant. Specifically, on April 27, 2015, Defendant reported

to Trans Union that the ATT debt that Defendant was attempting to collect was in collection status, and that Plaintiff owed a post-discharge balance of $764.

20. Because the ATT debt that Defendant was attempting to collect was discharged in Plaintiff's bankruptcy, the information described above was both false and misleading.

21. Upon further review of his Trans Union consumer report, Plaintiff discovered that on or about March 22, 2015, Defendant accessed Plaintiff's Trans Union consumer report.

22. By accessing Plaintiff's Trans Union consumer report, Defendant put itself on notice of Plaintiff's bankruptcy discharge and the legal status of the ATT debt that Defendant was attempting to collect.

23. Upon Plaintiff's filing for bankruptcy, the automatic stay of 11 U.S. Code § 362 went into effect, prohibiting Plaintiff's creditors from commencing and/or continuing collection activities.

24. While the automatic stay was in effect during the Plaintiff's bankruptcy, it was illegal for Defendant to report any post-filing derogatory collection information.

25. Defendant did not, during the pendency of Plaintiff's bankruptcy case, obtain relief from the bankruptcy automatic stay in order to continue collection efforts by reporting post-filing derogatory collection information.

26. Upon Plaintiff's bankruptcy discharge, the bankruptcy discharge injunction of 11 U.S.C. § 524(a)(2) went into effect, prohibiting Plaintiff's creditors from commencing and/or continuing collection activities for debts discharged in Plaintiff's bankruptcy.

27. Once the discharge injunction went into effect upon Plaintiff's bankruptcy discharge, it was illegal for Defendant to report any post-discharge derogatory collection information.

28. Defendant did not, during the pendency of Plaintiff's bankruptcy, obtain relief from the bankruptcy discharge injunction in order to continue collection efforts by reporting post-discharge derogatory collection information.

29. Prior to reporting to Equifax and Trans Union, Defendant accessed Plaintiff's Trans Union consumer report for the stated purpose of "COLLECTION." In doing so, Defendant put itself on notice of Plaintiff's bankruptcy discharge and the legal status of the ATT debt that Defendant was attempting to collect.

30. Despite having actual notice of Plaintiff's Chapter 7 bankruptcy discharge, and thus the legal status of the ATT debt, Defendant reported false and misleading information to Equifax and Trans Union regarding the character, amount, and legal status of the ATT debt.

31. Defendant reported false and misleading information to Equifax and Trans Union in furtherance of Defendant's efforts to collect the discharged ATT debt from Plaintiff.

32. Defendant's reporting of the debt to one or more credit bureaus was an attempt to collect the debt.

33. At all times relevant hereto, Defendants actions or omissions in connection with the discharged ATT debt were in furtherance of its efforts to collect the discharged ATT debt from Plaintiff.

34. As a result of Defendant's actions and omissions, including but not limited to Defendant's false and misleading reporting to Equifax and Trans Union, Plaintiff is eligible for statutory damages.

35. Also as a result of Defendants' actions and omissions, Plaintiff has suffered actual damages.  Those damages include without limitation: out-of-pocket expenses in challenging the Defendant's wrongful representations; detriment to his credit rating and suppression of his credit score; and, aggravation, frustration, difficulty sleeping, and emotional distress.

## **TRIAL BY JURY**

36. Plaintiff is entitled to and hereby requests a trial by jury.

## **COUNT I**

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10)**

37. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

38. Defendant's provision of false and/or misleading information to Equifax during April 2015 in connection with its attempts to collect the alleged ATT debt violated multiple provisions of the FDCPA, including without limitation 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10).

39. As a result of Defendant's violations of the FDCPA, Plaintiff has suffered actual damages. Those damages include without limitation: out-of-pocket expenses in challenging the Defendant's wrongful representations; detriment to his credit rating and suppression of his credit score; and, aggravation, frustration, difficulty sleeping, and emotional distress.  Plaintiff is therefore entitled to recover actual damages from Defendant under 15 U.S.C. § 1692k.

40. Under 15 U.S.C. § 1692k, Plaintiff is also entitled to recover from Defendant $1,000 in statutory damages, reasonable attorney's fees, and costs.

## COUNT II

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10)

41.  Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

42.  Defendant's provision of false and/or misleading information to Trans Union on April 27, 2015 in connection with its attempts to collect the alleged ATT debt violated multiple provisions of the FDCPA, including without limitation 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10).

43.  As a result of Defendant's violations of the FDCPA, Plaintiff has suffered actual damages. Those damages include without limitation: out-of-pocket expenses in challenging the Defendant's wrongful representations; detriment to his credit rating and suppression of his credit score; and, aggravation, frustration, difficulty sleeping, and emotional distress.  Plaintiff is therefore entitled to recover actual damages from Defendant under 15 U.S.C. § 1692k.

44.  Under 15 U.S.C. § 1692k, Plaintiff is also entitled to recover from Defendant $1,000 in statutory damages, reasonable attorney's fees, and costs.

## COUNT III

## VIOLATIONS OF THE BANKRUPTCY DISCHARGE INJUNCTION, 11 U.S.C. § 524(a)(2)

45. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

46. Defendant willfully violated 11 U.S.C. § 524(a)(2) by attempting to collect a discharged debt by reporting post-bankruptcy derogatory collection information to Equifax, including that there was still a balance in active collection.

47. As Defendant had actual knowledge of Plaintiff's bankruptcy discharge from accessing Plaintiff's Trans Union consumer report prior to Defendant's false reporting, it is obvious that Defendant's actions and omissions were willful, rendering Defendant liable for civil contempt sanctions.

## COUNT IV

### VIOLATIONS OF THE BANKRUPTCY DISCHARGE INJUNCTION, 11 U.S.C. § 524(a)(2)

48. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

49. Defendant willfully violated 11 U.S.C. § 524(a)(2) by attempting to collect a discharged debt by reporting post-bankruptcy derogatory collection information to Trans Union, including that there was still a balance in active collection.

50. As Defendant had actual knowledge of Plaintiff's bankruptcy discharge from accessing Plaintiff's Trans Union consumer report prior to Defendant's false reporting, it is obvious that Defendant's actions and omissions were willful, rendering Defendant liable for civil contempt sanctions.

WHEREFORE, Plaintiff prays that judgment be entered against this Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k;

d.) Civil Contempt damages and penalties in an amount sufficient to affirm the integrity of the Orders of the Bankruptcy Court, the importance of guaranteeing the Plaintiff the "Fresh Start" he is entitled to upon discharge, and to deter future similar conduct on the part of the Defendant; and

e.) Such other and further relief as may be just and proper.

Respectfully submitted this 23rd day of February, 2016.

/s/ Matthew T. Berry
Plaintiff's Attorney

        Matthew T. Berry, Bar No.: 055663
Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3334
Fax (404) 235-3333
matt@mattberry.com

*/s/ Paul J. Sieg*
Plaintiff's Attorney
Paul J. Sieg, Bar No.: 334182
Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3305
Fax (404) 235-3333
psieg@mattberry.com